IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VONZELLE WADE CAREY,**

    **Petitioner,**

v.

                                                      Criminal Action No. 3:12-cr-32
                                                    Civil Action No. 3:14-cv-112
                                                              (Groh)

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION/OPINION

### I.    INTRODUCTION

On October 16, 2014, Vonzelle Wade Carey ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereinafter "Motion"). (Civil Action No. 3:14-cv-112, ECF No. 1; Criminal Action No. 3:12-cr-32, ECF No. 56).[1] Having carefully reviewed the same, the undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing.

### II.    FACTS

*A.    Conviction and Sentence*

On March 21, 2012, Petitioner was named in a six count Indictment. (ECF No. 1). Petitioner was charged in Count One and Count Six of the Indictment for aiding and abetting the distribution of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2. (*Id.*). Petitioner was charged in Count Two of the Indictment for distribution of cocaine hydrochloride, in violation of Title 21, United

---

[1] From this point forward, unless otherwise noted, all docket entries refer to filings in Criminal Action No. 3:12-cr-32.

1

States Code, Sections 841(a)(1) and 841(b)(1)(C). (*Id.*). Petitioner was charged in Count Three, Count Four, and Count Five of the Indictment for distribution of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (*Id.*).

On April 25, 2012, Petitioner signed a plea agreement in which he proposed to enter a plea of guilty to Count Five of the Indictment charging him with the distribution of 0.60 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). (ECF No. 26). With respect to sentencing, the plea agreement provided as follows:

> The maximum penalty to which Defendant shall be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is: not more than twenty (20) years incarceration, a fine of up to $1,000,000 and a term of supervised release of at least three (3) years pursuant to Title 21, United State Code, Section 841(b)(1)(C) and a special mandatory assessment of $100.00 (18 U.S.C. 3013) which must be paid within 40 days following the entry of his plea by money order or certified check, made payable to the United States District Court. If Defendant has one or more prior felony drug convictions, the maximum penalty will be not more than thirty (30) years incarceration, a fine of up to $2,000,000; and a term of supervised release of at least six (6) years.

(*Id.* at 2).

Additionally, paragraph nine of the Agreement contained a stipulation of the parties that the total drug relevant conduct of Petitioner with regard to the Indictment was 200 grams of a mixture and substance containing a detectable amount of cocaine base, also known as "crack," and 2.96 grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as "coke." (*Id.* at 3-4). Petitioner furthered stipulated that "on January 2, 2001, he was convicted in the Circuit Court of Washington County, Maryland, Case No. 21K00026973, of the distribution of a controlled drug substance, a felony, in violation of Md. Code Ann. Art. 27, § 286(a)(1) and was sentenced to a term of imprisonment of four years." (*Id.* at 4).

On May 3, 2012, Petitioner appeared before Magistrate Judge David Joel to enter his plea of guilty. (ECF No. 28). Petitioner advised the Court that he was guilty of Count Five of the Indictment. (Plea Hrg. T. at 24:3-10, ECF No. 44). At the conclusion of the plea hearing, Magistrate Judge Joel determined Petitioner was competent to enter a plea of guilty, Petitioner made the plea freely and voluntarily, and Petitioner understood of the consequences of the plea. (*Id*. at 25:19-23). Further, Magistrate Judge Joel found that there was a basis in fact for the tendered plea and the elements of the crime charged in Count Five had been established beyond a reasonable doubt. (*Id*. at 25:23-25, 26:1). By Order, dated May 3, 2012, Magistrate Judge Joel accepted Petitioner's plea of guilty. (ECF No. 28).

Petitioner appeared before the Honorable Gina M. Groh, United States District Court Judge, for sentencing on August 21, 2012. (ECF No. 32). Petitioner was sentenced to 188 months of imprisonment followed by six years of supervised release. (*Id*.).

*B.      Direct Appeal*

Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") on September 13, 2012. (ECF No. 35). The Fourth Circuit granted the Government's Motion to Dismiss and affirmed Petitioner's conviction. (ECF Nos. 49, 50). Petitioner did not file a petition for certiorari in the United States Supreme Court. (ECF No. 56).

*C.      Federal Habeas*

In his Motion, Petitioner alleges two claims. Specifically, Petitioner alleges the following:

1. "Second degree assault does not count as a predicate offense for classification of the Defendant as a career offender." (ECF No. 56 at 4).

2. "Drug weight and the relevant conduct of distribution and aiding and abetting. This claim was baseless at the time and was deemed irrelevant to Defendant's sentence and

base level offense to determine [what Defendant at the time thought effected] the status as a career criminal." (*Id.* at 5).

### D. *Recommendation*

Based upon review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner's Motion is untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As an initial starting point, the undersigned has reviewed this case to determine its general timeliness under 28 U.S.C.§ 2255(f)(1). In general, to satisfy the statute of limitations, Petitioner must have filed his motion within one year from "the date on which [his] judgment of conviction bec[ame] final." 28 U.S.C. § 2255(f)(1). The Fourth Circuit has determined that a federal prisoner's conviction becomes final on the date upon which he fails to pursue further direct

4

appellate review. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner's appeal was denied on April 1, 2013. Therefore, because Petitioner did not pursue a writ of certiorari, his conviction became "final" pursuant to § 2255(f)(1) on June 30, 2013. *See* Supreme Ct. Rule 13.3; *Clay v. United States*, 537 U.S. 522, 523 (2003). Accordingly, Petitioner had until June 30, 2014, to file a timely Motion. However, Petitioner did not file his Motion until October 16, 2014.[2] Because Petitioner filed his Motion after the one-year statute of limitations ran, the undersigned finds that the Motion is untimely.

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, Petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his § 2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To make such a showing, Petitioner must also show that he employed reasonable diligence in investigating and bringing his claims. *Miller v. New Jersey State Department of Corrections*, 145 F.3d 616, 617 (3rd Cir. 1998).

In this case, Petitioner does not allege that he is entitled to equitable tolling. Instead, he alleges that his Motion is timely under § 2255(f)(3) because it was filed within one year of the

---

[2] The Court notes that the date of October 16, 2014 is when Petitioner's motion was filed in the CM/ECF system. The Supreme Court has held that under the "mailbox rule," a prisoner's motion should be considered filed at the time the prisoner delivers it "to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). However, nothing in Petitioner's motion provides evidence as to when he gave these documents to the prison authorities to be mailed. Petitioner's motion notes that he executed it on October 7, 2014. (ECF No. 56 at 13). Even assuming that this is the same date Petitioner gave his motion to prison authorities for mailing, it is still untimely.

*Alleyne*[3] decision which was issued on June 17, 2013. Specifically, Petitioner states *Alleyne* is "…retroactive and directly pertains to me." (ECF No. 56 at 12).

The undersigned finds that 28 U.S.C. § 2255(f) subsection (3) does not apply because *United States v. Alleyne* is not retroactively applicable to cases on collateral review. 133 S. Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for a petitioner to file a § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. to § 2255(f)(3). *Alleyne* held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2158. In the *Alleyne* opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. *Id*. at 2163; *see also In re Kemper*, 735 F.3d 211 (5th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013); *Simpson v. United States,* No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) (all finding that *Alleyne* does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that *Alleyne* should not be applied retroactively for the purposes of collateral attack. *See e.g., Williams v. United States,* No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); *Smith v. Holland*, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D. Ky. Sept. 3, 2013); *Smith v. Federal Bureau of Prisons,* No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, *Alleyne* expanded upon the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), which found that facts increasing the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. According to the Seventh Circuit, the

---

[3] *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

6

"Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare *Alleyne* to be retroactive." *Simpson*, 2013 WL 3455876, at *1 (citing *Schriro v. Summerlin,* 542 U.S. 348, 124 S. Ct. 2519 (2004)). Because *Alleyne* is not retroactively applicable to Petitioner's collateral attack, his Motion is untimely and subject to dismissal.

Moreover, this case differs from *Alleyne* in two ways. First, Petitioner voluntarily signed a plea agreement and had a plea hearing during which he waived his right to have sentencing determinations made by a jury. In *Alleyne,* the defendant had actually been convicted at trial by a jury prior to being sentenced and made no such waiver. *Alleyne,* 133 S. Ct. at 2155-56. Second, Petitioner's conviction contains no mandatory minimum. Rather, it contains simply a provision that he be sentenced to a term of not more than twenty years. Any findings made by the district court were used to determine his Advisory Guidelines range. Petitioner's Guideline range was 188 to 235 months, and he was sentenced to 188 months, the bottom of the range and less than the statutory maximum of twenty years.

Thus, even if Petitioner were entitled to collateral review of his *Alleyne* claim, he waived the core right associated with *Alleyne*, that a jury make sentencing determinations beyond a reasonable doubt, by signing the plea agreement. In addition, his conviction did not carry a mandatory minimum sentence.

## IV.     RECOMMENDATION

Based upon review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:14-cv-112, ECF No. 1; Criminal Action No. 3:12-cr-32, ECF No. 56) be **DENIED** and **DISMISSED** because Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Judge Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** June 30, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE