IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**VONZELLE WADE CAREY,**

    Petitioner,

v.                                    **CRIMINAL ACTION NO.: 3:12-CR-32**
                                        **CIVIL ACTION NO.: 3:14-CV-112**
                                        **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. On June 30, 2015, Magistrate Judge Trumble issued the R&R. ECF No. 5 in 3:14-cv-112; ECF No. 62 in 3:12-cr-32. In the R&R, Magistrate Judge Trumble recommended that this Court deny Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and dismiss the action as untimely.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a petitioner's right to appeal this Court's Order.

28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the R&R. Petitioner was served with the R&R on July 6, 2015. To date, neither party has filed objections. Accordingly, this Court will review the R&R for clear error.

On April 25, 2012, Petitioner signed a plea agreement in which he agreed to plead guilty to Count Five of the Indictment charging him with the distribution of 0.60 grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). ECF No. 26 in 3:12-cr-32. On May 3, 2012, Petitioner entered his plea of guilty before Magistrate Judge David J. Joel. ECF No. 28 in 3:12-cr-32. Pursuant to this guilty plea, Petitioner was sentenced on August 20, 2012, to 188 months of imprisonment followed by six years of supervised release. ECF. No. 30 in 3:12-cr-32. Following his sentencing, on September 13, 2012, Petitioner appealed to the United States Court of Appeals for the Fourth Circuit. ECF No. 35 in 3:12-cr-32. On April 1, 2013, the United States Court of Appeal for the Fourth Circuit affirmed Petitioner's conviction. ECF No. 49 in 3:12-cr-32.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner has one year within which to file a federal habeas corpus motion. 28 U.S.C. § 2255(f). Generally, the limitation period runs from the date that the federal prisoner's conviction becomes final. <u>Id.</u> at (f)(1). A federal prisoner's conviction becomes

final when the prisoner fails to pursue further direct appellate review. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

Here, Petitioner's appeal was denied by the Fourth Circuit on April 1, 2013. Petitioner had 90 days from the date of this denial to pursue a writ of certiorari. See Supreme Ct. Rule 13.1. Because Petitioner failed to pursue a writ of certiorari within the 90-day period, Petitioner's conviction became "final," as delineated in 28 U.S.C. § 2255(f)(1), on June 30, 2013. Petitioner had one year from June 30, 2013, to file a timely federal habeas corpus motion. Petitioner filed his Motion Under 28 U.S.C. § 2255 on October 16, 2014—108 days past the June 30, 2014 deadline. Based upon this untimely filing, Magistrate Judge Trumble determined that Petitioner's Motion Under 28 U.S.C. § 2255 should be denied and dismissed.

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Trumble did not clearly err and that the Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, it is **ORDERED** that Petitioner's § 2255 Motion is **DISMISSED** as **UNTIMELY** and **STRICKEN** from the active docket of this Court. Finally, upon an independent review of the record, this Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and therefore **DENIES** a certificate of appealability. 28 U.S.C. § 2253(c)(2).

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** August 13, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE